FILED

AUG 25 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

for pe
#5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Lawrence H Hobbs )
)
       Plaintiff, )
)
vs. )  CASE NO. _____ 23 04386
)
)
Monterey County )  EMPLOYMENT DISCRIMINATION
Water Resources   Defendant(s). )     COMPLAINT  NC
Agency (MCWRA) )
_____)

1.  Plaintiff resides at:

  Address  PO Box 1880 Canyon Lake TX 78133 _____

  City, State & Zip Code _____

  Phone  830-313-3591 hhcivaxion@gmail.com _____

2.  Defendant is located at:

  Address  Monterey County Water Resources Agency (MCWRA) _____

  City, State & Zip Code  1441 Schilling Pl., North Bldg., Salinas, CA 93901 _____

3.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination.  Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5. Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

4.  The acts complained of in this suit concern:

  a. __ Failure to employ me.

  b. _x Termination of my employment.

Form-Intake 2 (Rev. 4/05)      - 1 -

c. __ Failure to promote me.

d. __ Other acts as specified below.

See Plaintiffs attached Complaint

5.    Defendant's conduct is discriminatory with respect to the following:

a. X My race or color.

b. __ My religion.

c. X My sex.

d. __ My national origin.

e. X Other as specified below.

Engagement in protected activity reprisal retaliation and age per the ADEA

6.    The basic facts surrounding my claim of discrimination are:

See Plaintiffs full complaint attached

7.    The alleged discrimination occurred on or about ___08/26/22___.

(DATE)

8.    I filed charges with the Federal Equal Employment Opportunity Commission (or the California Department of Fair Employment and Housing) regarding defendant's alleged

Form-Intake 2 (Rev. 4/05)                    - 2 -

Case 5:23-cv-04386-NW    Document 1    Filed 08/25/23    Page 3 of 54

discriminatory conduct on or about ___04/07/23 case # 556-2023-00517___.

(DATE)

9.    The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (copy attached), which was received by me on or about ___04/10/23___.

(DATE)

10.    Plaintiff hereby demands a jury for all claims for which a jury is permitted:

Yes _x_    No _____

11.    WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney fees.

DATED: ___08/25/23___

*Lawrence H Hobbs*
signed electronically 08/25/23
SIGNATURE OF PLAINTIFF 08/25/23

(PLEASE NOTE: NOTARIZATION IS NOT REQUIRED.)

___Lawrence H Hobbs___

PLAINTIFF'S NAME

(Printed or Typed)

Form-Intake 2 (Rev. 4/13)              - 3 -

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

April 7, 2023

Lawrence Hobbs
PO Box 1880
Canyon lake, Texas 78133

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202304-20195806
Right to Sue: Hobbs / Monterey County Water Resources Agency

Dear Lawrence Hobbs:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective April 7, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Department of Fair Employment & Housing

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

| | |
|---|---|
| EEOC Number: | 556-2023-00517 |
| Case Name: | Lawrence H. Hobbs v. Monterey County Water Resources Agency |
| Filing Date: | April 10, 2023 |

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact the EEOC directly for any discussion of the complaint or the investigation.

### NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court.** According to Government Code section 12965, subdivision (c)(1)(C), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (c)(1)(C), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (e)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

DFEH-200-02 (Rev. 02/2022)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

April 7, 2023

RE:    **Notice of Filing of Discrimination Complaint**
        CRD Matter Number: 202304-20195806
        Right to Sue: Hobbs / Monterey County Water Resources Agency

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Lawrence Hobbs                                                CRD No. 202304-20195806

Complainant,

vs.

Monterey County Water Resources Agency
1441 Schilling Pl., North Bldg.,
Salinas,, CA 93901

Respondents

_____

**1.** Respondent **Monterey County Water Resources Agency** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Lawrence Hobbs**, resides in the City of **Canyon lake**, State of **Texas.**

**3.** Complainant alleges that on or about **September 9, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's color, sex/gender, age (40 and over), other, association with a member of a protected class, criminal history, race (includes hairstyle and hair texture).

**Complainant was discriminated against** because of complainant's color, sex/gender, age (40 and over), other, association with a member of a protected class, criminal history and as a result of the discrimination was terminated, denied hire or promotion, denied any employment benefit or privilege, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment complaint and as a result was terminated, denied hire or promotion, denied any employment benefit or privilege, denied work opportunities or assignments.

-1-
*Complaint – CRD No. 202304-20195806*

Date Filed: April 7, 2023

CRD-ENF 80 RS (Revised 12/22)

**Additional Complaint Details:** See Attached

*Complaint – CRD No. 202304-20195806*

Date Filed: April 7, 2023

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **lawrence hobbs**, am the **Complainant** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On April 7, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**canyon lake texas**

Complaint – CRD No. 202304-20195806

Date Filed: April 7, 2023

CRD-ENF 80 RS (Revised 12/22)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**San Jose Local Office**
96 N Third St, Suite 250
San Jose, CA 95112
Office: (408) 889-1950
Email: sanjgov@eeoc.gov
Website: www.eeoc.gov

Mr. Lawrence H. Hobbs
PO Box 1880
CANYON LAKE, TX 78133

Re:    Mr. Lawrence H. Hobbs v. Monterey County Water Resources Agency
       EEOC Charge Number: 556-2023-00517

The Equal Employment Opportunity Commission has received your request for a Notice of Right to Sue in the above referenced charge.

Your request has been forwarded to the U.S. Department of Justice (DOJ) for action. That Agency will act on your request and issue the Notice directly to you.

If you have any questions, please contact this office via email at sanjgov@eeoc.gov.

On Behalf of the Commission:

Margaret Ly

Digitally signed by
Margaret Ly
Date: 2023.04.10
16:27:15 -07'00'

Margaret Ly
Local Director

Cc:  Monterey County Water Resources Agency
     Civilrights@co.monterey.ca.us

Monterey County Civil Rights Office
North Building, 1441 Schilling Pl,
Salinas, CA 93901
civilrights@co.monterey.ca.us
Tel: 831-755-5117
TTY: 831-755-5349

Cc:
Case # 556-2023-00517
**US Equal Employment Opportunity Commission (EEOC),**
San Jose Local Office
Director: Margaret Ly
Regional Attorney: Roberta Steele
96 N. Third St., Suite 250
San Jose, CA 95112
Phone   1-800-669-4000
Fax      408-291-2603
TTY      1-800-669-6820
ASL Video Phone 844-234-5122
https://publicportal.eeoc.gov/
408-889-1950
sanjgov@eeoc.gov

| | | |
|---|---|---|
| **LAWRENCE H. HOBBS,** | § | EEO AMENDED COMPLAINT |
| | § | |
| Complainant, | § | |
| | § | |
| v. | § | |
| | § | |
| **Monterey County Water Resources** | § | |
| **Agency (MCWRA)** | § | |
| c/o Brent Busche, in his official capacity | § | |
| as General Manager and Juan P. Rodriguez, | § | |
| Civil Rights Officer | § | |
| | § | Date: April 7th, 2023 |
| Respondent(s), | § | |
| | § | |

## COMPLAINANTS SUPPLEMENTAL COMPLAINT ASSERTING

## VIOLATIONS OF HIS EQUAL EMPLOYMENT RIGHTS

By this notice, to the US Equal Employment Opportunity Commission (EEOC), the Complainant respectfully requests an immediate letter granting him a "Right-to-Sue Notice", against the

*Hobbs v. MCWRA*
as Filed with Cal DFEH 04/07/23

Respondent identified herein, The County of Monterey, Water Resources Agency, for the misconduct ascribed to herein, and as filed through the EEOC Public portal as Case # 556-2023-00517. Said portal would not allow a descriptive narrative of the complaint be entered, nor are any interview slots available, nor shall such be available before the statutory filing limitations are reached. See Attached.

The County of Monterey specifically prohibits harassment or retaliation against a person who opposes or complains about prohibited conduct or participates, in any way, in the complaint, investigation, or in other protected activity, such as filing and participating in a whistleblower complaint.

Pursuant to County policy, discrimination complaints may be filed against an elected or appointed official, manager, supervisor, employee, contractor, or agent of the County of Monterey. Therefore, a copy of this complaint, or similar complaint, for the same misconduct, has been concurrently filed with either The County of Monterey, The California Department of Fair Employment and Housing (DFEH) and/or the United States Equal Employment Opportunity Commission (EEOC), and/or has been pursued via other available judicial remedies.

Therefore, a complaint was also filed on this date instant, with The California Department of Fair Employment and Housing (DFEH), case number CRD Matter Number: 202304-20195806 and said "Right to Sue" letter was immediately granted, attached.

TO THE REVIEWING OFFICIAL:

COMES NOW the Complainant, LAWRENCE HOUSTON HOBBS, *Pro Se*, (hereinafter Complainant), presenting before this review bar his "Amended Complaint" which the Complainant has properly done so, following the Complaints previously filing a complaint by US Postal Service mail, on or about November 26th, 2022, and now in advance of submitting before a judicial bar, The United States District Court for the Northern District of California (N.D. CA.), and pursuant to the Complainants *Pro Se* rights to have this initial complaints liberally construed, pursuant to seeking a "***right-to-sue letter***", it is asserted herein, violations of Complainants rights, as executed by the Respondent(s), were unlawful under the Constitution of The United States[1] and the applicable equal employment laws of that sovereignty and/or and the applicable civil and equal employment laws of the State of California as found in the state's Constitution, the California Revised Statutes (CARS) inclusive of , *Pub. L. 88-352, 42 U.S.C. §§ 2000e to e-17 (2019) (as amended), as commonly referred to as Title VII of the Civil Rights Act of 1964 (Title VII), and/or the Age Discrimination in Employment Act of 1967 (ADEA), and The California Fair Employment and Housing Act of 1959, codified as Government Code §§12900 – 12996, (FEHA)*.[4, 7, 8]

The applicable jurisdictions appeal circuit, United States Court of Appeals for the Ninth Circuit, has consistently ruled in favor of liberal pleading standards, especially in employment discrimination cases, as exemplified by *Schwake v. Ariz. Bd. of Regents* 967 F.3d 940 \*; 2020 U.S. App. LEXIS 23912 \*\*; 2020 WL 4343730. See also, *"A Complainant does not need to plead specific facts that establish a prima facie case in a complaint to survive a motion to dismiss for failing to state a claim." Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 \*, 2002.

Complainant herein specifically reserves the right to amend this complaint pursuant to any claim it does not outline the relevant facts sufficiently. See *Wigglesworth v. Mauldin*, 195 Ariz. 432, 439,

¶ 26, 990 P.2d 26, 33 (App. 1999) (before dismissing on Rule 12(b)(6) grounds, if requested, "the non-moving party should be given an opportunity to amend the complaint if such an amendment cures its defects")."

_____

Footnotes: Repetitive Citations and Attributions
[1] All citations to United States Constitution are attributed to: https://constitution.congress.gov/constitution/
[2] All citations to United States Code are attributed to: https://uscode.house.gov/search/criteria.shtml
[3] All citations to United States Code of Federal regulations are attributed to: https://www.govinfo.gov/help/cfr
[4] All citations to the California Constitution, Revised Statutes (CARS), Rules of Civil Procedure, and case law unless otherwise stated, are attributed to: West (2021)
[5] Citation format predominately sourced from: https://tarlton.l w.utexas.edu/bluebook-legal-citation/overview
[6] Underlined "blue text" is a hyperlink to the internet source cited; "available at:" internet address
[7] All citations to the Constitution of the State of California attributed to: https://leginfo.legislature.ca.gov/
[8] All citations to California Revised Statutes attributed to: https://leginfo.legislature.ca.gov/

## **INTRODUCTION**

## **PARTIES, JURISDICTION AND VENUE**

This "Amended Complaint", herein after referred to as, "This Complaint", or as *Hobbs v. MCWRA*", in short caption form, is a complaint in advance of the Complainant taking civil action arising under Federal and California State law, for Deprivation of Complainant's certain constitutional civil, equal employment and privacy rights.

Said deprivations were executed as a conspiracy by mutual agreement among agents of the Respondent, a governmental entity entitled as **Monterey County Water Resources Agency,** based in Salinas California, Monterey County, herein after referred to as "**MCWRA**" and as more fully described herein. Additionally as identified herein, are certain identified agents of the Respondents, this complaint instant is also inclusive of un-identified agents, referenced temporarily as John and/or Jane Does, whom were/are in the employ, and/or under contract with, and/or at the direction of, **MCWRA**, and played a role in executing the misconduct.

**Complainant:** This Complaint instant, herein after referred to as *"Hobbs v. MCWRA"*, in short caption form, as submitted by Complainant, *Lawrence H. Hobbs*, who at all relevant times was as a current or former Federal employee, pursuant to placement in a certain administrative status, as established by certain employment contractual agreements pertinent to his employment and this action, currently formally resides within the State of Texas, County of Comal, in an unincorporated rural area identified as Canyon Lake, with his current contact information as:

> Lawrence H Hobbs *Pro Se*
> P.O. Box 1880/1300 FM 2673
> Canyon Lake, TX 78133-9998
> PH: 830-313-3591
> EMAIL: lhheeo@gmail.com

Complainant, also maintains a residence within the state of California, County of Sacramento, City of Folsom, though such is not his formal permanent place of residence, a degreed Geologist, Mining Engineer and Project Manager, is possessive of extensive public and private sector applicable experience. Thus, Complainant was/is an extremely well qualified candidate for employment as pertinent to this cause.

**Respondent: Monterey County Water Resources Agency (MCWRA)**

Per the Water Resources Agencies internet site:

**Civil Rights Contact Information**
1441 Schilling Pl., North Bldg., Salinas, CA 93901
Attn: *"Agent for Service."*
c/o Monterey County Civil Rights Office
Juan P. Rodriguez, Civil Rights Officer
Tel: 831-755-5117
TTY: 831-755-5349
Email: civilrights@co.monterey.ca.us

**General Contact Information**
Phone (831) 755-4860
FAX (831) 424-7935
After Hours (831) 796-1166
Email: OfficeassistantII@co.monterey.ca.us

*Hobbs v. MCWRA*
as Filed with Cal DFEH 04/07/23

https://www.co.monterey.ca.us/government/government-links/water-resources-agency

Mission: Manage water resources sustainably while minimizing impacts from flooding for present and future generations. Vision: Be recognized throughout the region as a leader in water resource management through demonstrated knowledge, integrity and the quality of our actions.

The Agency was formed in 1947 by State law, which established the Monterey County Flood Control and Water Conservation District and was organized as a division of the Department of Public Works. In the late 50s, the Monterey County Flood Control and Water Conservation District became autonomous with the district Engineer reporting directly to the Board of Supervisors. In January of 1991, new legislation (SB 2580) changed the name of the Agency to the Monterey County Water Resources Agency to more accurately reflect its powers and functions. In addition to the Agency's responsibility for flood plain management and emergency flood-related preparedness, the Agency has jurisdiction over matters pertaining to water within the entire area of the County of Monterey, including both incorporated and unincorporated areas. The Agency is authorized to conserve water in any manner, to buy, sell and purvey water, to prevent the waste or diminution of the water extractions which are determined to be harmful to the groundwater basin.

The Agency owns two dams (Nacimiento and San Antonio) that are integral parts of the Agency's mission to provide flood control services and maintain water resources for the County of Monterey.

The Agency is governed by a nine-member Board of Directors (BOD) who are appointed by the Monterey County Water Resources Agency Board of Supervisors. Directors must be residents of Monterey County and possess backgrounds and experience indicating a high level of interest or

*Hobbs v. MCWRA*
as Filed with Cal DFEH 04/07/23

expertise in areas relating to the Agency's work. Each of the five members of the Board of Supervisors selects one member for the Board of Directors, with the remaining four directors being appointed by a majority vote of the Supervisors from nominees submitted by the following groups or organizations: Monterey County Farm Bureau; Grower-Shipper Association; City Select Committee; and the Monterey County Agricultural Advisory Committee. The term of office for each director is four years. Directors may be reappointed at the end of their terms. Duties of the Board of Directors, with the assistance of staff, include the following:

- Establishes short and long-term policy objectives for the Agency, subject to review by the Board of Supervisors;
- Prepares an annual budget;
- Holds public hearings on proposed budget;
- Approves all contracts for which funds have been budgeted.

The Agency is directly managed by a general manager, at the time of the alleged conduct, was a Mr. Brent Busche. It is known that Mr. Busche intended to retire and may have done so, as of this date instant, as a different email reference contact for the general manager is identified on the website, but no name is readily identifiable, to determine whom the acting or permanent general manager currently is.

It is undisputed and/or indisputable, the Complainant was engaged in a "labor dispute" with one or more of his Federal employers as defined under 29 U.S. Code § 113 pursuant to those contracts. It is also undisputed and/or indisputable said "labor dispute", involved questions of certain violations of Federal criminal and civil statutes, statutory rights and/or entitlements.

Complainant asserts herein as the Federal government has failed to act lawfully as pertinent to his complaints of employment discrimination, Complainant is entitled to seek damages as a private action, for the unlawful interference by the Respondents, in his role as a current and/or Federal

Officer or as otherwise indicated herein.

It is also undisputed and/or indisputable, the Complainant was engaged in "arbitration" or "mediation" of his "labor dispute", through an administrative process, which under certain conditions of his employment contracts, required pursuit of relief, 1st through certain administrative "arbitration" remedies, as conducted by an "Federal Arbitration Entity", entitled as: The Equal Employment Opportunity Commission (EEOC), and if required, followed by additional "arbitration" as conducted by the "Federal Arbitration Entity", entitled as: The Merit Systems Protection Board (MSPB). By formally entering the EEO process, Complainant properly commenced the required administrative process requirements pursuant to both his equal employment claims and his whistleblowing claims. Said administrative process was exhausted when facing well pleaded facts affirming discrimination and retaliation before the EEOC administrative judges, the EEOC refused to act, placing Complainants cause in indefinite administrative delay.

If "arbitration" fails in those forums, the Complainant bears a contractual and statutory right to litigate his employment dispute in the Federal Courts. Therefore, Respondents interference with those agreements, in addition to violations of Complainants other Federal civil, equal employment, privacy and contractual rights, imputes additional federal jurisdiction on this matter. Only by filing litigation within the Federal Courts did agents of the EEOC act, and then only as a retaliatory measure, as their unlawful and discriminatory actions, are protected by qualified immunity.

The Complainant therefore asserts certain violations of Federal law by the Respondents which though are criminal, pursuant to Complainants status as a Federal Official and/or generally per

California Law, which may classify him as a "Public Worker" or "Public Official". Herein Complainant asserts Respondents entered one or more civil conspiracies to unlawfully interfere, and thus this litigation asserts Respondents committed one or more torts, not simply a crime or crimes. See, e.g., _R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp._, 2013 WL 2217831, *14 (D. Ariz. May 20, 2013). As such Respondents are libel for their misconduct in perpetuating an ongoing civil conspiracy.

Therefore, it is not within the Complainants ability to hold Respondents criminally liable for their lawless conduct, nor does it appear that any entity with the authority to do so would pursue such, however this cause of action does assert civil liability for their criminal misconduct, pursuant to the legal claims asserted herein. See generally _Tovrea Land & Cattle Co. v. Linsenmeyer_, 100 Ariz. 107, 412 P.2d 47 (1966).

As such one or more additional "Federal Questions" may be raised, reaffirming jurisdiction, in which a jury may determine, Respondents violated one or more of the laws cited herein, inclusive of certain criminal statutes, which presently do not have civil liability attached, and as a result the Complainant suffered adversely, regardless of whether Respondents were criminally prosecuted, Complainant is entitled to a jury's determination that the Respondents are civilly liable for their unlawful conduct.

**Complaint Standards:** In full support of This Complaint instant, the Complainant incorporates, by reference, as if fully stated herein, his prior assertions of unlawful activity as executed by other agents of the United States.

Namely, Complainant also incorporates by reference, also as if fully stated herein, his Federal records of prior engagement in protected activity, and the unlawful retaliation he suffered from that engagement, as recorded in his Federal EEO Complaints and as generally ascribed to in his pending litigation, against his former Federal employers, as shall be attached to the civil cover sheet of this pending cause of action.

This Complaint instant exceeds R. 8 pleading standards, though the Complainant, proceeding *Pro Se* must recite the elements of the causes of action asserted herein, to avoid any counter claims of a frivolous or malicious based nature of action, they are fully supported by factual assertions. Those assertions, in summary are: 1) Complainant at all relevant times was, is or shall remain a Federal employee, therefore a "Federal Officer", engaged in an employment dispute with his Federal employers on the grounds of violations of equal employment and whistleblowing laws; and 3) Commencing on or about January 2022, a valid employment opportunity existed for a project manager with Respondent **MCWRA**; 4) Said opportunity was advertised publicly by Respondent on its career website; and 5) Subsequent to that advertisement, an agent or proxy for Respondent, named Chris Moss, extended a verbal contract offer of employment for a project manager position with **MCWRA,** in approximately April of 2022 to the Complainant; and 5) Said contract offer was verbally accepted by the Complainant; and 6) Complainant had no reasons to believe said contract offer was not a valid or conditional offer of employment; and 7) Complainant was extremely well qualified pursuant to the advertised skill sets desired and formally applied to the advertised position; and 7) Respondents agents, subsequently executed defamatory, slanderous, perjurious and libelous statements as *"Defamation Per Se"*, in falsely claiming the Complainant somehow unfit for continued employment; and 8) Said contract offer was



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## CHARGE OF DISCRIMINATION

| For Official Use Only – Charge Number: |
|---|
| **556-2023-00517** |

EEOC Form 5A (October 2017)

| | |
|---|---|
| **Personal Information** | First Name: _LAWRENCE_    MI: _H_  Last Name: _HOBBS_<br>Address: _PO BOX 1880_ _____ Apt.: _____<br>City: _CANYON LAKE_ County: _COMAL_ State: _TX_ Zip Code: _78133_<br>Phone: _830-313-3594_ Home ☒ Work ☐ Cell ☐ Email: _LHHEEO@GMAIL.COM_ |
| **Who do you think discriminated against you?** | Employer ☒    Union ☐    Employment Agency ☐    Other Organization ☐<br>Organization Name: _MONTERREY COUNTY WATER RESOURCES A__<br>Address: _1441 Schilling PL_ _____ Suite: _N1306_<br>City: _SALINAS_ State: _CA_ Zip Code: _93901_ Phone: _831-755-57__ |
| **Why you think you were discriminated against?** | Race ☒  Color ☒  Religion ☒  Sex ☒  National Origin ☒  Age ☒<br><br>Disability ☐  Genetic Information ☐  Retaliation ☒  Other ☐ (*specify*) |
| **What happened to you that you think was discriminatory?** | Date of <u>most recent job action</u> you think was discriminatory: _____<br>Also describe briefly <u>each job action</u> you think was discriminatory and when it happened (estimate).<br>_AS DESCRIBED CASE # 556-2023-00517 COMPLAINAT WAS INFORMED OF HIS TERMINATION, EFFECTIVE 11/09/22 ON OR ABOUT 08/26/22. NO JUSTIFICATION WAS PROVIDED; THEREFORE TERMINATON WAS PRETEXT FOR RETALIATION AND OTHER BASIS'S._ |
| **Signature and Verification** | I understand this charge will be filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address, phone, or email. I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I understand by signing below that I am filing a charge of employment discrimination with the EEOC. I understand that the EEOC is required by law to give a copy of the charge, which includes my allegations and my name, to the organization named above. I also understand that the EEOC can only investigate charges of job discrimination based on race, color, religion, sex, national origin, age, disability, genetic information, or based on retaliation for filing a charge of job discrimination, participating in an investigation of a job discrimination complaint, or opposing job discrimination.<br><br>**I declare under penalty of perjury that the above is true and correct.**<br><br>Signature: _____  Date: _04/07/22_ |

subsequently withdrawn, rescinded and/or Complainant was discharged or otherwise said contract offer was not executed by Respondent for one or more unlawful reasons; and 9) Said defamatory, slanderous, perjurious and libelous statements as *"Defamation Per Se"*, established unlawful pretext, to cover Respondents true motives, which were to deny the Complainant the employment opportunity extended and retain it in perpetuity, on the basis of invidious discrimination and otherwise interfere or retaliate against a Federal Officer for properly executing his job functions and to interfere with his other existing and future employment related contracts.

Complainant reserves the right to amend this complaint pursuant to any claim it does not outline the relevant facts sufficiently. See *Wigglesworth v. Mauldin*, 195 Ariz. 432, 439, ¶ 26, 990 P.2d 26, 33 (App. 1999) (before dismissing on Rule 12(b)(6) grounds, if requested, "the non-moving party should be given an opportunity to amend the complaint if such an amendment cures its defects").

## I. Federal Rules of Civil Procedure, Rule 8, Statement

Pursuant to *Federal Rules of Civil Procedure, Rule 8*, which requires a *"short, plain statement of facts"*, Complainant hereby provides notice, as *"simply, concisely and directly"*, as summarily stated herein immediately as follows: That is namely:

> *"Respondents, as Respondent Superiors to the governmental entity known as the Monterey County Water Resources Agency, (MCWRA) on or about August 26th, 2022, have asserted Complainant without any specificity, he somehow failed to meet certain unidentified employment probationary requirements, and as such was never even afforded the opportunity, to correct any deficiencies in his conduct, as no deficiencies were ever formally and/or informally, identified; and based upon no substance whatsoever, Respondents terminated Complainant's employment with the Monterey County Water Resources Agency, for failing to complete probationary status. Complainant asserts herein that such notification was pretext for executing invidious discrimination, supported by false statements as Defamation Per Se or Per Qoud, for the malicious purposes to continue perpetuating*

*an ongoing conspiracy of invidious discrimination, executed prior to, and continuous with, Complainants contractual agreement for employment with the Respondents, due to Complainants engagement in prior protected activity, as prior unlawful employment retaliation commenced by others, by which in perpetuating, Respondents are imputed liability for others prior actions. Additional and/or otherwise on a standalone basis, Respondents agents misconduct, concurrently effected the execution of a new civil conspiracy, commencing prior to Complainants entering and reporting for duty at the Respondents local duty station identified as Salinas Monterey County, California, a local contained within the jurisdiction of the US District Court for the Northern District of California, of the Respondents agents own design, and in doing so violated Plaints civil, equal employment, contractual and property rights, and in doing so, imputed liability upon the Respondents, as their agents, and additional liability is assignable to the Respondents, due to Respondents negligence in failing to prevent such conduct from commencing, and proceeding fully to execution of Complainants employment termination and such misconduct was not only a violation of Complainants equal employment rights, said misconduct was also violations of Complainants certain civil, contractual and property rights. Complainant asserts he is entitled to $5,000,000.00 as remunerative relief plus additional considerations."*

As alleged in greater detail, as ascribed to herein elsewhere, the required notice to the Respondents, as to the "*sufficient facts alleged under a cognizable legal theory*", are presented within the various sections of this complaint in multiple forms as allowed per R.8 pleading standards.

A summary Fed R. Civ. Pro. R. 8 statement is presented herein below, under within §A) Rule 8 Summary Statement, to the Respondents identified in this cause, that their conduct was unlawful. Within the same section at §B) Fed. R. Civ. Pro. R. 8 Pleading.

The legal basis for Complainants claims and notice is provided by presentment of the "*legal basis*" as "*cognizable legal theories*" for Respondents liability and negligence and the basis thereof for each "*category of actionable wrongful acts*" is ascribed to herein further within section entitled: II. Notice of Claims- R. 9(b) Background Statement. The "*directness*" "*specificity*" of each notice of each wrongful act is presented in Section III Counts of Unlawful Misconduct.

("*A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the Respondent can prepare an adequate answer from the allegations.... The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity.*")) <u>*Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir. 1993)</u>. Such information, though not required, is sufficiently provided within the Background discussion section of this Complaint also sufficiently provides Respondents with the required level of notice. Any information otherwise outstanding that requires sufficient legal notice, is ascribed to herein within the applicable section entitled pursuant to either Jurisdiction, Parties and/or Venue.

Respondents are thus provided with multiple meaningful ways to understand the factual basis for Complainant's claims and/or formulate a response.

**A) Rule 8 Summary Statement:**

The following statement is submitted pursuant to <u>Rule 8(a)(1), (2) and (3)</u>. General Rules of Pleading:

1) *"Complainant asserts the following as one or more "Plausibly Cognizable Legal Theories", as allegations of inference, upon his "information and belief", or if specifically stated otherwise, are based upon "facts and evidence", as known to him, either in his possession, and/or in possession and/or control of the Respondents, or as otherwise ascribed to herein are contained within "materials in the record", which self-affirm, that the conduct of the Respondents, as Respondent Superiors to the governmental entity known as the Monterey County Water Resources Agency was unlawful, when after coming to a meeting of the minds, Respondents collective of agents,*

*commenced, or perpetuated execution of one or more civil conspiracies, between approximately April 25th, 2022 and December 1st, 2022, originating from the locale known as the city of Salinas, located within Monterey County, California, resulting in the unlawful termination of employment of the Complainant, and concurrently the same misconduct, unlawfully interfered with one or more of his employment related contracts and the Respondents unlawfully withheld from Complainant his personal property; and*

2) *Complainant asserts herein, if said misconduct does not provide a prescribed statutory relief entitlement, either remunerative or not, Complainant is entitled to a jury's assessment of the amount of relief due to him for the adverse consequences he has suffered, specifically by count, and/or collectively in the aggregate. Respondents were imputed liability for which the Complainant is entitled to relief, on one or more basis, inclusive of some form of pecuniary, non-pecuniary, declarative and/or as injunctive relief, currently estimated to be $5,000,000.00, plus certain non-monetary forms of relief, due to him upon an affirmation of the allegations made herein, by a tribunal reviewing the claims made herein, after presentment of certain "materials in the record", incorporated herein all thing, by reference, as if fully stated herein, and other evidence, inclusive of evidence to be obtained by discovery, prior to any trial upon the merits; and*

3) *Said entitlement to relief, is owed to the Complainant, from the Respondents unlawful conduct, pursuant to the liability imputed upon them, upon their knowingly accepting the misconduct of their agents, as directly employed by them, and/or or by their negligence, which allowed the misconduct alleged herein to unlawfully take root and*

*proceed to be fully executed, when said agents, upon learning of the Complainants prior engagement in certain protected activity, and/or of his reporting of potential safety concerns, and/or upon his seeking entry into, and representation by, the union which represented the bargaining unit he was assigned to, by the Respondents, Respondents own agents entered into one or more unlawful civil conspiracies, both amongst themselves, and with certain predecessor co-conspirators, to execute continuous unlawful invidious discrimination, harassment, retaliation and tortious interference; and*

4) *Respondents had statutory and contractual duty to Complainant, either expressly stated, or as established by Promissory Estopple, and/or implied by other means effecting a contractual agreement of the minds, to act with ordinary care and prudence, as a governmental agency and as an employer. Said duty was inclusive of, but not limited to, emplacing applicable training, enforcing applicable laws rules regulation and policies, and placing procedural administrative personnel and barriers, so as not to allow invidious discrimination to take root and proceed be fully executed, within Respondents organizational structure. Respondents' negligence if failing to meet those obligations, resulted in the misconduct ascribed to herein, to be executed to completion, causing distress, harm or injury to the Complainant; and*

5) *Such misconduct, in the manner described in this Complaint, shows Respondents agents were allowed to engage in extreme and outrageous conduct and Respondents' actions set forth above were rooted in Respondents allowing an abuse of power or authority of their agents to exists and flourish. Respondents' actions were undertaken with intent or*

*knowledge that there was a high probability that the conduct would inflict severe emotional, physical and financial distress upon the Complainant, suffering and with reckless disregard of that probability, such distress was severe enough to be inclusive of death, as self-inflicted to ease the pain and suffering associated with continuous and perpetual discrimination; and*

6) *Namely and generally, that in executing and achieving their predecessors co-conspirators objectives, Respondents knowingly and/or negligently accepted assertions of Complainant's employment related conduct was somehow unacceptable, and unlawfully acted upon such perjurious, defamatory, derogatory and slanderous testimony. Such testimony was either made directly by their agents and/or others not directly in their employ, to establish pretext for terminating the employment relationship between the Complainant and the Respondents; and*

7) *Those agents of the Respondents, specifically inclusive of, but not limited to, persons commonly known as one Christopher Moss, c/o mossc@co.monterey.ca.us; one Manuel Saavedra, c/o saavedram@co.monterey.ca.us; and one Jennifer Datan, c/o datanj@co.monterey.ca.us; and one Brent Busche, as Respondents assumed now retired and thus former general manger, who in concert with each other, effected a continuation of invidious discrimination and/or tortious interference, using defamatory, perjurious and slanderous accusations, affronting the Complainants character, by falsely asserting his actions in the workplace were somehow unacceptable, to establish pretext, for their unlawful conspiratorial conduct. That is without citing any specific basis as notice to the Complainant, on or about August 26th, 2022, Respondents have asserted*

*Complainant somehow failed to meet certain unidentified employment probationary requirements, and as such was never even afforded the opportunity, to correct any deficiencies in his conduct, as no deficiencies were ever formally and/or informally, identified; and based upon no substance whatso ever, Respondents terminated Complainant's employment with the Monterey County Water Resources Agency; and*

8) *Therefore, as no basis for termination of employment was provided, it must be inferred that upon information and belief of the Complainant, his termination on the basis of not meeting probationary requirements, was pretextual, and was only executed for the purposes of invidious discrimination, upon learning of the Complainants prior engagement in certain protected activity, and/or of his reporting of potential safety concerns, and/or upon his seeking entry into, and representation by, the union which represented the bargaining unit he was assigned to, by the Respondents; and*

9) *In doing so the Respondents accepted the imputed liability for the misconduct of its own agents and the misconduct of others, in perpetuating on-going invidious employment discrimination and tortious interference, when they summarily agreed to unlawfully deprive the Complainant of gainful employment opportunities, both in the present and the future, and the contractual privileges and opportunities, which are either related to Complainants then standing employment relationships, and/or those Complainant might reasonably entertain in the future, based on obtaining and holding such gainful employment; and*

**B) Fed. R. Civ. Pro. R. 8 Pleading:**

Complainant asserts the following based either upon "*facts and evidence*" if known to him, either in his possession, and/or in possession and/or control of the Respondents, or otherwise makes the allegations ascribed to herein, upon his "*information and belief*", that the conduct of the Respondents, was unlawful. Pursuant to Complainants *Pro Se* rights; and case precedent which does not require heightened pleading standards, as applicable to this case instant, to have his complaints "*liberally construed*", it is asserted herein:

I.  *Respondents, as Respondent Superiors to the governmental entity known as the Monterey County Water Resources Agency, between approximately April 25th, 2022 and December 1st, 2022, originated and or perpetuated unlawful conduct from the locale known as the city of Salinas, located within Monterey County, California, Complainant asserts herein, one or more "Agents" of the Respondents, upon learning of the Complainants prior engagement in protected activity, and/or of his reporting of potential safety concerns, and/or upon his seeking entry into, and representation by, the union which represented the bargaining unit he was assigned to, by the Respondents, said agents entered into one or more unlawful civil conspiracies, to execute unlawful and invidious discrimination, harassment, retaliation, tortious interference and unlawfully withheld from Complainant his certain personal property, through a civil conspiracy of their own design; and*

II. *Respondents' agents, after coming to a "meeting of the minds", commenced to perpetuate an ongoing civil conspiracy, originally initiated by others, and unlawfully composed a new civil conspiracy of their own design. Respondents' agents executed their malicious conspiracy, with full cooperation of others; and/or by unlawful*

*coercion others; and/or through the negligence of multiple others, all as were and/or became agents of the Respondents, acting and/or purporting to act in the Respondents interests; and*

III.  *Respondents' agents actions constituted unlawful engagement in multiple acts of employment harassment, discrimination, and retaliation, averse to the Complainant, based on either his race, color, national origin, sex, age, and/or reprisal for engaging in certain protected employment activity. The notice to the Respondents as to the specificity and basis of each "actionable wrongful act" as an instance of invidious discrimination, retaliation and /or as a violation of certain civil rights, is presented in each specific pertinent applicable "count"; and*

IV.  *In participating in an ongoing conspiracy, the Respondents, through the conduct of their agents, knowingly and/or negligently, accepted the misconduct of other persons, either as individuals, acting in their personal capacity, and/or as agents allegedly acting as agents "under the color of law" and/or as falsely alleged authorized to do so, of other organizations, either governmental in structure, and/or as private business entities. Respondents thus knowingly and/or negligently accepted those prior unlawful actions, pursuant to their own interests and motivations of animus, and on a "de facto" basis became, co-conspirators with said "others", and thus accepted the liability imputed upon them for the proceeding and separate misconduct; and*

V.  In doing so, those others became additional agents of the Respondents. That namely as simply and concisely stated, Respondents in executing and achieving their predecessors co-conspiratorial objectives, they summarily agreed to continue to unlawfully deprive the Complainant of gainful employment opportunities, then currently held in the present at the time and location of the termination of employment, and the future, for employment with others elsewhere, and the contractual privileges and opportunities which are based on gainful employment, pursuant to the Respondents own unlawful objectives and desires; and

VI.  Respondents' agents misconduct, either in perpetuating a conspiracy commenced by others, induced legal liability upon the Respondents as their employer, in extending an existing conspiracy; and/or upon executing a conspiracy of their own design, likewise induced liability upon the Respondents as their employer. "For harm resulting to a third person from the tortious conduct of another, "**one is subject to liability if he . . . does a tortious act in concert with the other or pursuant to a common design with him[.]**")(emphasis added); Compton v. Ide, 732 F.2d 1429, 1433 (9th Cir. 1984). The notice to the Respondents as to the specificity of each instance of conspiratorial misconduct, specified as one or more "actionable wrongful acts", is presented in each specific pertinent and applicable "count", as distinguished pursuant to the conspiracies of the Respondents own design, and from those Respondents perpetuated as extensions of prior conspiratorial misconduct. ("**It is the wrongful act, not the conspiracy, which is actionable in a civil case.**"). (emphasis added); Id.; and

VII. *Thus herein Complainant alleges the Respondents, through their agents actions, which in effecting their conspiracy to commit invidious discrimination for purposes of retaliation, pursuant to Federal law, committed one or more of the following federal laws as, actionable unlawful acts: 42 U.S. Code § 1985(1); 42 U.S. Code § 1985(2) ; 42 U.S. Code § 1985(3); Title 18, U.S.C., Section 242; 42 U.S. Code § 1986; 18 U.S.C. § 1621; 18 U.S. Code § 111; Section 115(a)(2) of Title 18; 36 CFR § 327.24; 18 U.S.C. § 1346; 25 CFR § 11.406; 18 U.S.C. 371; 18 U.S.C. § 1343; and 18 U.S. Code § 1341.; i.e the laws ascribed above are the "wrongful acts, not the conspiracy, which is actionable in a civil case."). Id.; and*

VIII. *Upon the execution of the collective misconduct, concurrently such misconduct was one or more violations of Complainants civil, equal employment, contractual and property rights, under the Constitution of The United States and the applicable laws of that sovereignty and/or the applicable laws of the State of California as found in the state's Constitution, statutes, and one or more of its 29 codes, covering various subject areas, including personal property rights; and*

IX. *The alleged invidious discriminatory misconduct was unlawful pursuant to one or more Federal laws, specifically inclusive of, but not limited to, Pub. L. 88-352, 42 U.S.C. §§ 2000e to e-17 (2019) (as amended), as commonly referred to as Title VII of the Civil Rights Act of 1964 (Title VII), and/or the Age Discrimination in Employment Act of 1967 (ADEA), and/or the Lilly Ledbetter Fair Pay Act of 2009 (Pub. L. 111-2). Said unlawful conduct is equally applicable the Whistleblower Protection Act of 1989, 5 U.S.C. 2302(b)(8)-(9), Pub.L. 101-12 as amended. The*

*alleged invidious discriminatory misconduct was unlawful pursuant to one or more State laws, specifically inclusive of, but not limited to, <u>CA Govt Code § 12900 (2021)</u> or commonly identified as the "<u>California Fair Employment and Housing Act.</u>"; and*

X.  *The Complainant asserts herein, certain violations of Federal and state law by the Respondents, some which may be additionally criminal, pursuant to Complainants current or former status, as a Federal Official and/or as generally allowed or defined per California law, which may classify him as a "Public Worker" or "Public Official". Additionally and concurrently, for the same misconduct, it is asserted herein, by count, the actionable misconduct which effected the execution of one or more related civil conspiracies, not enforceable under the anti-discrimination laws cited herein, but rather were/are specially enforceable violations of Complainants certain civil, contractual and/or property rights, Herein Complainant asserts Respondents entered one or more civil conspiracies to interfere with those rights and thus this litigation asserts Respondents committed one or more torts, not simply a crime or crimes; and*

XI.  *Pursuant to the Complainants Federal and States rights pertinent to contractual interference, said misconduct was unlawful, as principally governed pursuant to Restatement (Second) of Torts §§ 766, 766A, 766B and 876(a). As Respondents agents, unlawfully interfered with one or more contractual relationships Complainant held, between multiple parties, and for multiple purposes; and*

XII. *Such interference is inclusive of Complainants contracts between his fellow employees, and between his then current employer, namely the Respondents. Said interference with employment related contractual agreements is also inclusive of his then current or former status as a Federal employee or "Officer". Thus, pursuant to those contractual agreements, Complainant held certain contractual and statutory mediation rights, with the United States Department of the Interior (DOI), Bureau of Land Management (BLM), collectively the (DOI-BLM) and the United States Department of Defense (DOD), Department of the Air Force (USAF) collectively (DOD-USAF), and the US Equal Employment Opportunity Commission (EEOC); and*

XIII. *Said contractual relationships also interfered with, is inclusive of employment related agreements, established by one or more means, in respect to the disparaging Complainants character as an employee suitable for continued employment with the Respondent; and his entitlements to select the immediacy of his remote working office location, on a temporary and/or permanent basis. Such interference was also effective at denying Complainant the presentment of Respondents obligations to forward and/or reimburse Complainant for temporary and/or permanent housing costs in the immediate locality of the Respondents offices. Such interference is inclusive of maintaining existing financial commitments and obtaining new ones such as refinancing the Complainants home in California, which were concurrently in process at the time of the Respondents unlawful conduct; and*

*XIV. Additionally, Complainants personal property rights were violated, when Respondents unlawfully withheld, for a substantive period of time, Complainants certain personal property, some of which Respondents still unlawfully possess, as of the date of this filing. The notice to the Respondents as to the specificity of each "actionable wrongful act", as an instance of either interference contractually, and/or with his private property interests, is presented in each specific applicable "count".*

## II. Notice of Claims- R. 9(b) Background Statement

*("A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the Respondent can prepare an adequate answer from the allegations.... The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity."))* Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993). Such information, though not required, is sufficiently provided within this background discussion section of this Complaint to also sufficiently provide Respondents with the required level of notice. Any information otherwise outstanding that requires sufficient legal notice, is ascribed to herein within the applicable sections entitled pursuant to either Jurisdiction, Parties and/or Venue.

The Complainant demonstrates sufficiently herein, and shall reaffirm in a trial upon the merits, or by complaint amendment, he suffered certain deprivations of his rights, as established by the United States Constitution, and/or other applicable laws of that sovereignty and/or and the applicable civil and equal employment laws of the State of California as found in the state's Constitution, the California Revised Statutes (CARS). Complainant as *Pro Se*, pursuant to implicit bias, must demonstrate herein this complaint is of merit.

Therefore, the legal citations and summations herein are for purposes of fully demonstrating applicable *"cognizable legal theories"*, of why Respondents conduct was unlawful, and as Respondents have provided no basis for their termination of their employment agreement with the Complainant, or otherwise hold evidence of their misconduct from the Complainant, Complainant necessarily must make his claims, at least in part, *"upon his information and belief"*, and certain elements, are thus inclusive of, but not limited to what may be asserted in opposition as, *"conclusionary allegations"*.

This jurisdictions appeal circuit, United States Court of Appeals for the Ninth Circuit, has consistently ruled in favor of liberal pleading standards, especially in employment discrimination cases, as exemplified by *Schwake v. Ariz. Bd. of Regents* 967 F.3d 940 *; 2020 U.S. App. LEXIS 23912 **; 2020 WL 4343730. See also, *"A Complainant does not need to plead specific facts that establish a prima facie case in a complaint to survive a motion to dismiss for failing to state a claim."* *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 *, 2002.

Pursuant to certain Federal and State statutes of those sovereignties, for which he is entitled, to proceed to present this "Amended Complaint", and to seek additional discovery, to obtain and present such evidence, in its entirety, before a jury seated in this Federal jurisdiction, alleging one or more violations of Federal and/or State law, and to seek the relief and/or remedies, as identified and requested from the Respondents identified herein, or otherwise allowed by a jury, should he prevail in this cause of action.

Pursuant to this case instant, senior officials of the Respondent as a governmental entity, namely commonly to be understood as **"The Monterey County Water Resources Agency"**, **(MCWRA)**,

by and through Respondents agent, Chris Moss, fully knowledgeable of Complainants outstanding qualifications, and as particularly pertinent to the business needs of MCWRA, verbally extended the Complainant an offer of employment in approximately April of 2022. Said offer was a binding contract established by Promissory Estopple and later affirmed by an express agreement. Complainants' applicable employment qualifications, ascribed herein, are incorporated by reference as supplied to the Respondent MCWRA and as otherwise recorded on his resumes as of the date of his employment submittal to the Respondents, and to be provided in discovery, and for immediate purposes is incorporated herein by reference as if fully stated herein all things. The verbal extension of an offer of employment, and the promised benefits associated with it, made both before reporting for duty, and afterwards, supports the Complainants actionable fraud claim, as it was one or more, *"sufficiently definitive"*, promises. *Staheli v. Kauffman,* 122 Ariz. at 383, 595 P.2d at 175, (1979).

Pursuant to that request, Complainant verbally accepted said offer and formally entered the pertinent job pre-employment requirements, posting with the Respondent business entity, MCWRA, based on the verbal extension of an offer of employment and a written follow-up offer, as presented to Complainant by one Jennifer Datan. After which a series of unusual incidents occurred, which Complainant asserts upon his *"information and belief"* and supported in part by definitive evidence in his possession, and additional evidence in the possession of the Respondents, will show those agents conduct was for purposes of invidious discrimination and concurrently effected interference with Complainants civil, contractual and property rights.

That is in summary, when certain agents of MCWRA, predominately orchestrated by Chris Moss, in support of effecting unlawful conspiratorial conduct, to establish and justify their pretexts for

employment discrimination to others, made libelous, slanderous and defamatory statements, inclusive of conspiring with one Manuel Saavedra, the substance of which were adverse to the Complainants character, which led to past and future harms, for which he is entitled to recover damages pursuant to California law, as *Defamation Per Se*, and concurrently that same misconduct, unlawfully effected invidious discrimination, violations of Complainants civil, contractual and property rights. In making such assertions, Respondents agents did so only with extreme prejudice and malice, and Respondents negligence in failing to prevent or stopping the misconduct, specifically not allowed statutorily, nor allowed to specifically applicable rules, regulations, policies and procedures of the Respondents, as governmental employers, induced liability upon them.

That liability became imposed upon commencement of the first wrongful act, when private information, protected under Complainant's privacy rights, was conveyed to agents of the Respondents by some unidentified person or organizational entity, and based on that information, Respondents agents perfected false allegations made for the purposes of asserting Complainant was unfit to practice the person's trade, business, or profession, subjected him to public contempt, hatred, or ridicule; and cause him to be shunned or avoided in the workplace. The liability was further imputed on Respondents when their agents, using Defamation *Per Se*, as a pretextual basis for termination of the employment agreement with the Complainant. Liability was additionally extended in denying the Complainant his other civil, contractual, and personal property rights and or by Respondents collective negligence in failure to prevent a violation of this rights.

**Procedural History of EEO Complaints and Litigation**

The complete procedural history in this cause is long and complicated, necessitating increased complaint pagination, is not too voluminous pursuant to that complexity, in addressing elements of the federal nexus, Thus Plaintiff was fully entitled to the pagination utilized, even if not completely efficient, as cited by the Defendants. *"A district court is not "authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading."* Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). See also, Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir.1998), although *"[f]at in a complaint can be ignored"*. In summary, Plaintiffs various complaints given the complexity of the federal nexus, were *"unexceptionable"*. See unexceptionably. (n.d.) American Heritage® Dictionary of the English Language, Fifth Edition. (2011). Available at https://www.thefreedictionary.com/unexceptionably

The administrative record and has been presented in multiple prior Agency Informal and Formal Complaints, Formal EEOC Hearings and Appeals, and Litigation in multiple US District Courts in the E.D. Wisconsin, W.D. Texas, District of Columbia, N.D. Illinois, and The E.D. of Missouri as follows:

1) Thus, Plaintiff hereby incorporates herein by reference, herein all things, as if fully stated herein, all allegations of prior discrimination and retaliation as alleged and/or amended, pursuant to the initial formal EEO Complaint and Complaint Amendments filed and pursued to administrative exhaustion, as:

Agency Nos. BLM-18-0364, BLM-18-0397, and BLM-18-0507; EEOC Hearing No. 570-2019-01086X; and

*Hobbs v. MCWRA*
as Filed with Cal DFEH 04/07/23

Said complaints lay out all the particulars of a Whistleblowing and/or EEO claims and pursuant to *Wooten v. McDonald Transit Assoc, Inc.*, No. 13-11035 (5th Cir. June 10, 2015), the details and basis need not be repeated ad nauseum, in the Plaintiffs complaint.

2) Plaintiff hereby incorporates herein by reference, herein all things, as if fully stated herein, all allegations of prior discrimination and retaliation as alleged and amended pursuant additional formal complaints and pursued to administrative exhaustion, filed as:

EEOC No. Hearing Numbers: 450-2020-00164X; 570-2020-00612X; EEOC Appeal No. 2022000588; and Said complaints lay out all the particulars of a Whistleblowing and/or EEO claims and pursuant to *Wooten* (2015), the details and basis need not be repeated ad nauseum, in the Plaintiffs complaint.

3) Plaintiff, hereby incorporates herein by reference, herein all things, as if fully stated herein, all allegations of prior discrimination and retaliation as alleged and amended pursuant to various civil litigation complaints, as publicly filed documents, with Plaintiff as the undersigned signatory, available to this Court and the Defendants, filed as:

| | | | |
|---|---|---|---|
| a) | 4:2022cv00612 | Hobbs v. Doe Run Corporation et al | Missouri Eastern District Court |
| b) | 1:2022cv01076 | HOBBS v. COBB et al | District Of Columbia District Court |
| c) | 1:2022cv01924 | Hobbs v. Bauch et al | Illinois Northern District Court |
| d) | 2:2022cv00016 | Hobbs v. Stevens, et al | Texas Western District Court |
| e) | 5:2022cv00342 | Hobbs v. Stanley et al | Texas Western District Court |
| f) | 2:2022cv00026 | Hobbs v. United States of America et al | Texas Western District Court |
| g) | 5:2022cv00739 | Hobbs v. Kendall | Texas Western District Court |
| h) | 2:2022cv00467 | Hobbs v. Willis et al | Wisconsin Eastern District Court |
| i) | 2:2022cv00492 | Hobbs v. Shesky et al | Wisconsin Eastern District Court |

*Hobbs v. MCWRA*
as Filed with Cal DFEH 04/07/23

Page **29** of **43**

j) 2:2022cv00680          Hobbs v. Shesky et al          Wisconsin Eastern District Court

k) 2:2022cv00721          Hobbs v. Haaland et al          Wisconsin Eastern District Court

d) Plaintiff hereby incorporates herein by reference, herein all things, as if fully stated herein, all allegations of recent ongoing discrimination and retaliation, pursuant to the continuing violations doctrine, as alleged and amended pursuant to formal discrimination complaint filed and labeled as, DOI-BLM-23-0068. Pursuant to that complaint, four (4) additional claims were filed against the DOI-BLM in December 2022, attached herein under the doctrine of continuing violations, summarized as follows:

Claim 1: Plaintiff alleged he was subjected to disparate treatment and harassment on the bases of sex (male), age (58 DOB: 11/1964), race/color (Caucasian/White), and in Reprisal (prior EEO Activity – EEOC No. 570-2019-01086X, Agency Nos. BLM-18-0364, BLM-18-0397 & BLM-18-0507) when on December 27, 2022, RMO1 did not select you for the position of Interdisciplinary Geologist/Mining Engineer, HQMP-22-11401689-KJ; and

Claim 2: Plaintiff alleged he was subjected to disparate treatment and harassment on the bases of sex (male), age (58 DOB: 11/1964), race/color (Caucasian/White), and in Reprisal (prior EEO Activity – EEOC No. 570-2019-01086X, Agency Nos. BLM-18-0364, BLM-18-0397 & BLM-18-0507) when on December 15, 2022, RMO2 did not select you for the position of Mining Engineer/Geologist, CAMP-22-11541831-JB; and

Claim 3: Plaintiff alleged he was subjected to to disparate treatment and harassment on the bases of sex (male), age (58 DOB: 11/1964), race/color (Caucasian/White), and in Reprisal (prior EEO Activity – EEOC No. 570-2019-01086X, Agency Nos. BLM-18-0364, BLM-18-0397 & BLM-18-0507) when on October 19, 2022, RMO3 did not select you for the position of Geologist, HQMP-22-11402421-LAG; and

Claim 4: Plaintiff alleged he was subjected to disparate treatment and harassment on the bases of sex (male), age (58 DOB: 11/1964), race/color (Caucasian/White), and in Reprisal (prior EEO Activity – EEOC No. 570-2019-01086X, Agency Nos. BLM-18-0364, BLM-18-0397 & BLM-18-0507) when on October 19, 2022, RMO4 charged the Complainant with a federal debt, Federal Dept Owed Ref: 1375 (LLOC6210000); Debt ID Number 90850771974, Collection #202200801. Please detail and describe the circumstances that led to the claim at issue which you allege were disparate and harassing and who subjected you to this incident and their position title and whether they had supervisory authority over you. If so, in what capacity and for what period of time.

Pursuant to Fed. R. Civ. P. 56(c)(1), Those *"materials in the record"*, as cited by the Plaintiff herein above and elsewhere, is inclusive of, but not limited to *"**depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials**"*. Said *"materials in the record"*, by which individually, and in totality, the Plaintiff has fully herein,

presented, provides either plausible and/or direct evidence, "***Supporting Factual Positions***" of the Plaintiff.

## A) Respondents Agents Misconduct or Negligence- Invidious Discrimination

More specifically, Respondents upon learning of Complainants prior engagement in protected activity, and/or based on a desire to make their hiring decisions based on other discriminatory motives, the officials of the Respondent business entity, MCWRA, retaliated through Respondents agent, Chris Moss, by making his making certain libelous, slanderous and defamatory statements, in violation of the Complainants right to privacy and other employment related contractual entitlements, undertook multiple unlawful actions to support the pretext of rescinding the offer of employment and/or other verbal offers of employment related benefits, construed upon Complainant pursuant to his entering and reporting for duty, and otherwise failed to retain the Complainant, based on one or more unlawful discriminatory employment reasons.

Said unlawful reasons, were discriminatory, when the failure to retain the Complainant, was either based on his age, his race, his sex, his pay rate and/or as retaliation for his prior engagement in protected activity, when executed by multiple agents of MCWRA, as a combination of any one or more, or all the discriminatory basis ascribed to herein. The proportional attribution to each discriminatory element may not be possible to determine, but in totality, led to the unlawful decisions of all participating agents of MCWRA, and it's co-conspirators, in deliberately failing to retain the Complainant based on either a single basis, or an aggregate of malicious discriminatory motives.

*Hobbs v. MCWRA*
as Filed with Cal DFEH 04/07/23

Said principle equal employment and anti-discrimination laws are inclusive of *Pub. L. 88-352, 42 U.S.C. §§ 2000e to e-17 (2019) (as amended)*, *as commonly referred to as* *Title VII of the Civil Rights Act of 1964 (Title VII)*, *and/or the* *Age Discrimination in Employment Act of 1967 (ADEA)*, *and* *The California Fair Employment and Housing Act of 1959, codified as Government Code §§12900 – 12996, (FEHA)*.

This Complaint instant is also brought forth pursuant to certain Federal and/or State laws, which makes it unlawful to violate the civil, equal employment, privacy, contractual and property rights of the Complainant, as a current or former Federal employee, suffering from previous, continuous, and on-going unlawful harassment and retaliation, commenced by his prior employing agencies of the United States.

Pursuant to that harassment, which occurred over the latter years of Complainants active Federal employment, certain Federal agents entered into a conspiracy, through multiple violations of Complainants civil and equal employment rights, sought to interfere with the performance of his official duties, to enter into a unlawful conspiracies to interfere with his Federal contractual agreements pertinent to his employment, and to enter into unlawful conspiracies to interfere with his contractual agreements for mediation of his employment disputes. Said agents have continuously maintained an on-going pattern of harassment and retaliation, to the present, inclusive of unlawfully and falsely making certain criminal accusations and false claims of federal debt owed. Said evidence is contained in the "*materials in the record*", as incorporated herein, by reference, as if stated herein all things.

The Complainant, pursuant to that unlawful conduct, collectively compiled as *"materials in the record"*, has filed numerous EEO/Whistleblowing complaints pursuant to the applicable Federal Sector EEO process, which lead to additional and on-going retaliation and the failure to resolve in the EEO process and has now led to Federal litigation.

Therefore, Complainant asserts, these Respondents actions as alleged instant, were unlawful and fraudulent actions based, in part, on the Complainants sufferings from prior Federal harassment, and these Respondents have voluntarily, maliciously and with purposes of animus and retaliation, have elected to perpetuate the prior conspiracy, by effecting new conspiratorial misconduct, at the design and execution of their own "agents", and have otherwise provided no basis for their actions, therefore it is more than plausible their actions were unlawful pretextual actions, as Complainant fully asserts they were.

The alleged invidious discriminatory misconduct, as perpetuated by the Respondents, was unlawful pursuant to one or more Federal employment antidiscrimination laws, specifically inclusive of, but not limited to, Pub. L. 88-352, 42 U.S.C. §§ 2000e to e-17 (2019) (as amended), as commonly referred to as Title VII of the Civil Rights Act of 1964 (Title VII), and/or the Age Discrimination in Employment Act of 1967 (ADEA), and/or the Lilly Ledbetter Fair Pay Act of 2009 (Pub. L. 111-2). Said unlawful conduct is equally applicable the Whistleblower Protection Act of 1989, 5 U.S.C. 2302(b)(8)-(9), Pub.L. 101-12 as amended. The alleged invidious discriminatory misconduct was unlawful pursuant to one or more State laws, specifically inclusive of, but not limited to, CA Govt Code § 12900 (2021) or commonly identified as the "California Fair Employment and Housing Act.". Likewise, the new conspiratorial actions by the Respondents agents were also unlawful under the laws cited above.

Thus herein Complainant alleges and provides notice to the Respondents, through their agents actions, which in effecting their conspiracy to commit invidious discrimination for purposes of retaliation, pursuant to the Federal and state laws cited above, committed one or more, "unlawful actional acts", pursuant to their violation of one or more of the cited laws, as actionable acts, listed distinctly directly and separately herein, as counts of actionable unlawful acts of invidious discrimination, r, for which any tribunal can make a determination of the proper relief due the Complainant, if it is determined he suffered adversely as a result, if such is not otherwise statutorily provided.

Thus, pursuant to the above actionable unlawful acts, notice provided here by assignment as individual counts of unlawful invidious discriminatory misconduct. The Respondents are imputed civil conspiratorial liability, for Respondents roles in negligently failing to prevent its taking root and in failing to stop it once it commenced and failing to correct their agents unlawful conduct, prior to or after terminating Complainants employment contract with the Respondents.

In allowing both perpetuation of an ongoing conspiracy and executing a new conspiratorial element of their own design, upon which the Complainant requests relief, certain elements of immunity and/or any expiration of any statute of limitations, are not conferred upon these Respondents under the doctrine of "continuing violations" or pursuant to current interpretation under the 3rd restatement of torts. Yes, in plain English, Complainant fully asserts herein Respondents bear legal liability, at least in part, for their predecessors' actions, due to these Respondents perpetuating them forward, in additional to the self-imputed liability for committing invidious employment discrimination.

## B) Respondents Wrongful Acts Effecting One or More Conspiracies

Thus herein Complainant alleges and provides notice to the Respondents, through their agents actions, which in effecting their conspiracy to commit invidious discrimination for purposes of retaliation, pursuant to Federal law, committed one or more, "unlawful actionable acts", pursuant to their violation of one or more of the following federal laws, as actionable acts, are listed distinctly as counts of actionable unlawful acts, regardless of their criminal nature, for which any tribunal can make a determination of the proper relief due the Complainant, if it is determined he suffered adversely as a result, if such is not otherwise statutorily provided.

This is specifically inclusive of: 42 U.S. Code § 1985(1); 42 U.S. Code § 1985(2) ; 42 U.S. Code § 1985(3); Title 18, U.S.C., Section 242; 42 U.S. Code § 1986; 18 U.S.C. § 1621; 18 U.S. Code § 111; Section 115(a)(2) of Title 18; 36 CFR § 327.24; 18 U.S.C. § 1346; 25 CFR § 11.406; 18 U.S.C. 371; 18 U.S.C. § 1343; and 18 U.S. Code § 1341. Complainant reserves the right to amend these allegations pursuant to any additional information gained in discovery.

Thus, this complaint is in part an "action [] for damages arising out of acts committed pursuant to the conspiracy, and damage for which recovery may be had in such civil action is not the conspiracy itself but the injury to Complainant produced by specific overt acts." *Perry v. Apache Junction Elementary Sch. Dist. No. 43 Bd. of Trs.*, 20 Ariz. App. 561, 564, 514 P.2d 514, 517 (Ct. App. 1973) (citing *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 412 P.2d 47 (1966)); see, e.g., *Baker*, 197 Ariz. at 542, 5 P.3d at 256 ("A mere agreement to do a wrong imposes no liability; an agreement plus a wrongful act may result in liability." (quotations omitted)); Restatement (Second) of Torts § 876(a) (1979) ("For harm resulting to a third person from the

tortious conduct of another, one is subject to liability if he . . . does a tortious act in concert with the other or pursuant to a common design with him[.]"); *Compton v. Ide*, 732 F.2d 1429, 1433 (9th Cir. 1984) ("It is the wrongful act, not the conspiracy, which is actionable in a civil case.").

## C) Respondents Agents Misconduct or Negligence as Defamation *Per Se* or *Per Qoud*

Defamation is an invasion of the interest in reputation. Under California law, it is a broad term for false statements made that cause damage to someone's good standing. California Civil Code (Cal. Civ. Code) §44 states that defamation is affected by either libel or slander. If a statement is made verbally, it is slander. If made in writing, it is libel. Cal. Civ. Code §45 and Cal. Civ. Code §46 provide the definitions for both libel and slander. See California Civil Code §44; § 45 & § 46. See also *Mattel, Inc. v. Luce* (2002) 121 Cal.Rptr.2d 794. The Respondents any assertion of privilege is lost, as the statements and publication were actuated solely by malice, that is namely to establish pretext for invidious discrimination.

Complainant is entitled to General damages, which are damages for his loss of reputation, shame, mortification, and hurt feelings; Special damages, which are damages for his property, trade, profession or occupation; and Punitive damages, which are damages awarded in the discretion of the superior court or the jury, to be recovered in addition to general and special damages, and to be awarded for the sake of example and by way of punishing Respondents for its willful extension of invidious discrimination.

Certain agents of MCWRA, predominately Chris Moss, subsequently in support of their unlawful conspiratorial conduct, to justify their pretexts for employment discrimination to others, made libelous, slanderous and defamatory statements, inclusive of conspiring with one Manuel Saavedra, the substance of which were adverse to the Complainants character which led to past

and future harms, for which he is entitled to recover damages pursuant to California law as *Defamation Per Se*, asserting, negligently and/or with malice, Complainant was unfit to practice the person's trade, business, or profession, subjected him to public contempt, hatred, or ridicule; and cause him to be shunned or avoided in the workplace.

Thus, Complainant is entitled to entitled to special damages as either Defamation *Per Se* or *Per Qoud*. *Jimeno v. Commonwealth Home Builders* (Court of Appeal, Second District, Division Two, 1920) 47 Cal. App. 660 (defining defamation per se as statements "that tend to expose the Complainant to public hatred, contempt, ridicule, aversion, or disgrace, and to induce an evil opinion of him in the minds of right-thinking persons and deprive him of their friendly intercourse or society"). See, for example, *Del Junco v. Hufnagel* (Court of Appeal, Second District, Division 3, 2007) 150 Cal. App. 4th 789 (it was defamation per se when Respondent said that Complainant had insufficient medical training to operate); *Albertini v. Schaefer* (Court of Appeals of California, Second District, Division Four, 1979) 97 Cal. App. 3d 822 (it was defamation per se to say that an attorney was a "crook"); *Montandon v. Triangle Publication, Inc.* (Court of Appeals of California, First District, Division Two, 1975) 45 Cal. App. 3d 938 (it was defamation per se to call a woman a "call-girl"); *Nguyen-Lam v. Cao* (Court of Appeal of California, Fourth Appellate District, Division Three, 2009) 171 Cal. App. 4th 858; *Bates v. Campbell* (1931) 213 Cal. 438; *Ray v. Citizen-News Co.* (Court of Appeal of California, Second Appellate District, Division One, 1936) 14 Cal. App. 2d 6; *Dethlefsen v. Skull* (Court of Appeal of California, First Appellate District, Division Two, 1948) 86 Cal. App. 2d 499.

In this case as it involved matters of purely private concern, the burden of proving the truth is on the Respondent. Complainant does not have to show the literal truth of every word in an alleged defamatory statement. It is sufficient if the Complainant proves true the substance of the charge.

See *Okun v. Superior Court* (1981) 29 Cal.3d 442 (re. special pleading standards: "Nor is the allegation defective for failure to state the exact words of the alleged slander…we conclude that slander can be charged by alleging the substance of the defamatory statement."). If opposed as *Per Qoud*, in the context of invidious employment discrimination, Complainant shall prevail contextually. *Slaughter v. Friedman* (1982) 32 Cal. 3d 149 . See also "Complainants Materials of Record", as incorporated herein by reference.

Said statements of Moss and Saavedra, were not statements of opinion, nor as submitted for malicious purposes, not privileged, and constitute defamation per se, as it implied the allegation of undisclosed defamatory facts, not as the basis for an honest opinion, but rather to harm the Complainant in multiple ways, maliciously.  The main determination is whether a reasonable person could conclude that the published statements imply a provably false factual assertion is a question the jury must decide. *Copp v. Paxton* (1996) 45 Cal. App. 4th 829; See also *Gregory v. McDonell Douglas Corp. (1976) 17 Cal.3d 596*. See also M*ireskandari v. Edwards Wildman Palmer LLP* (Court of Appeal of California, Second Appellate District, Division Three, 2022) 77 Cal. App. 5th 247 (re. "substantial truth doctrine"). The determination of whether said statements expresses fact or opinion is a question of law for the trial jury as if the statement is susceptible of both an innocent and a libelous meaning, in which case, the jury must decide how the statement was understood." *Franklin v. Dynamic Details, Inc. (2004) 116 Cal.App.4th 375*, 385.

Subsequent to the Respondents submittal of the job offer by agents, Chris Moss and Jennifer Datan, and formal job acceptance made by Complainant in response, and thereafter, certain employee/agents of the **MCWRA**, acting in conspiracy, with **MOSS** and **Saavedra** and **Datan**, commenced a series of events intended to deny his entering into duty, and thereafter, attempted to

unlawfully remove and terminate his employment, through the libelous, slanderous and defamatory statements, averred to herein above.

The actions imputed liability upon the Respondent MCWRA, as a governmental entity, when at least Chris Moss, based upon information and belief of the Complainant, with or more of its other agents, who also directly perpetuated and/or commenced into a conspiracy to violate the Complainants civil and equal employment rights, and/or otherwise unlawfully defame, slander, and libelously defraud him of the reasonable opportunity to be enter into and remain gainfully employed and compensated, both financially and with certain privileges and benefits enjoyed by others person employed by MCWRA.

Complainant asserts upon information and belief that Saavedra and Datan were an active participants in the conspiracy and voluntary elected to entered it without any unlawful coercion, and if not it was for, Datans direct negligence, as a HR professional, and other unidentified John or Janes does, inclusive of senor HR and legal counsel representatives, who moved the conspiracy forward, to Bent Buche, which the latter entities held sufficient responsibilities as agents or proxies of the Respondents, to administrative stop perpetuating the prior conspiracy, or were obligated from allowing a new one to take root. Thus, those agent employees imputed liability for their negligence on the Respondents, for that was at least one purpose of their being employed by the Respondents.

**D) Respondents Agents Misconduct or Negligence as Tortious Interference**

Additionally, through their unlawful conduct, said agents of MCWRA, in executing a conspiracy led in principle by Respondents agent, Chris Moss, that same misconduct, was not only invidious

discrimination, but also negatively affected and unlawfully interfered with one or more employment related contractual relationships between the Complainant and others, pursuant to the 2nd Restatement of Torts and other laws, including violations of Complainants privacy, occurred as cited and described in greater detail herein. Respondents actions also constitute a conspiracy to interfere with and/or retaliate against a Federal Officer, as ascribed to above.

More specifically, upon learning of Complainants prior engagement in protected activity, and/or based on a desire to make and/or modify their hiring decisions based on other discriminatory motives, the officials of the Respondent business entity, MCWRA, retaliated, principally through Respondent agent Chris Moss and by making certain libelous, slanderous and defamatory statements, in violation of the Complainants right to privacy, and took other unlawful actions to support the pretext of rescinding the offer of employment and/or other verbal offers of benefits construed upon Complainant pursuant to his entering and reporting for duty, and otherwise failed to retain the Complainant based on one or more unlawful elements of contractual interference. As the Respondents agents conduct constituted one or more "wrongful acts", as previously ascribed to herein, Respondents are also liable for contractual interference, as ascribed to herein pursuant to either the 2nd or 3rd Restatements.

## COMPLAINT SUMMARY

In conclusion, as asserted in the paragraphs herein, **Respondent's** conduct was intentional, as its "employees/agents/representatives", collectively as "agents" of **Monterey County Water Resources Agency** , in groups of two (2) or more persons, inclusive of Respondents agents Moss, Datan and Saavedra as well as other unidentified John and/or **Jane Does**, acted for the purpose, in whole or in part, of bringing about a particular result, and/or knowing his or her acts or words,

were likely to bring about that result. The purpose for which the "agents" of **MCWRA**, and its co-conspirators did act in conspiracy, was only for illegitimate purposes, that is namely to defraud the Complainant of fair and open consideration for employment by **MCWRA** and others, interference with his contractual obligations and performance as a Federal Officer.

Additionally, pursuant to certain entitlements owed to the United States, by the Complainant, as required under certain laws applicable to this employment disputes, The Respondents, unlawfully obstructed the Complainant, from performing his obligations as a Federal employee, that was namely, deterring said unlawful conduct, and/or to otherwise unlawfully harass, discriminate and retaliate against the Complainant, with specific intent to permanently interfere with the Complainants then current and future employment related contractual relationships. Though pursuant to Federal and State doctrine, it is not necessary that a person act or speak with malice or ill will, but the presence of malice or ill will, may be considered in determining if the conduct is intentional.

Therefore **MCWRA**, was imputed agency liability, when certain "employee/agents/proxies" of **MCWRA**, conspired with one or more other persons, and/or unlawfully coerced one or more other persons, they violated the Complainants rights pursuant to the protections provided to him by law.

**WHEREFORE**, Complainant, Lawrence Houston Hobbs, prays for judgment against Respondents, **Monterey County Water Resources Agency**, in a fair and just amount sufficient to compensate COMPLAINANT for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief, as declaratory and/or injunctive relief, as is just and equitable; and

**COMPLAINANT intends to demand a trial by jury pursuant to** Federal Rule of Civil Procedure 38(b) **on all issues so triable.**

"/s/" *Lawrence H. Hobbs* signed electronically

Complainant, *Pro Se,* Lawrence Houston Hobbs
P.O. Box 1880
1300 FM 2673
Canyon Lake, TX
78133-9998
PH: 830-313-3591
EMAIL: lhhcivaxion@gmail.com

*Hobbs v. MCWRA*
as Filed with Cal DFEH 04/07/23