UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAWRENCE H HOBBS,<br><br>    Plaintiff,<br><br>v.<br><br>MONTEREY COUNTY WATER RESOURCES AGENCY,<br><br>    Defendant. | Case No. 23-cv-04386-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF No. 7] |

Before the Court is Defendant Monterey County Water Resources Agency's ("MCWRA") motion to dismiss. ECF No. 7 ("Mot."); ECF No. 21 ("Reply"). Plaintiff Lawrence Hobbs opposes. ECF No. 18 ("Opp."). The Court finds that the motion is appropriate for disposition without a hearing and VACATES the hearing set for April 25, 2024. *See* Civ. L.R. 7-1(b). For the reasons discussed below, the motion is GRANTED WITH LEAVE TO AMEND.

**I.    BACKGROUND**

On August 25, 2023, Plaintiff Lawrence Hobbs filed a sprawling 78-page complaint against Defendant MCWRA. The complaint, while quite vague, appears to allege an employment issue. *See* ECF No. 1-2 at 12, 20. MCWRA moved to dismiss the complaint on September 21, 2023.

**II.    LEGAL STANDARD**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the

plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### III. DISCUSSION

Defendant makes three arguments: 1) the complaint does not provide a short and plain statement of the alleged claims as required by Federal Rule of Civil Procedure 8; 2) Plaintiff alleges criminal charges that he has no authority to prosecute; and 3) Plaintiff alleges common law causes of action against the County, for which it is immune. Mot at 2.

#### A. Rule 8

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint is subject to dismissal when it fails to comply with the requirements of Rule 8. *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, (9th Cir. 1981). A complaint that is "needlessly long, or . . . highly repetitious, or confused, or consisting of incomprehensible rambling" violates Rule 8. *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citation omitted).

Defendant argues that the complaint violates Rule 8 because it is voluminous and repetitive, and that it vaguely lists an inordinate number of causes of action. Mot. at 4. Plaintiff's opposition does not substantively address Defendant's argument, instead making certain legal

arguments about the breadth of Rules 8 and 12.

The Court agrees with Defendant. On its face, the complaint is unnecessarily voluminous, comprised of 78 pages of at times duplicative and repetitive allegations. Furthermore, the complaint lists so many statutes and possible causes of action that it inhibits the County's ability to intelligently prepare for its defense. For example, Plaintiff alleges harassment, discrimination, and retaliation in violation of several statutes "based on either his race, color, national origin, sex, age, and/or reprisal for engaging in certain protected activity." Compl. at 16. But this allegation fails to present a clear statement of the conduct at issue or the protected class. In another example, Plaintiff alleges that the County "committed one or more violations of the following federal laws as, actionable unlawful acts: 42 U.S. Code § 1985(1); 42 U.S. Code § 1985(2); 42 U.S. Code § 1985(3); Title 18, U.S.C., Section 242; 42 U.S. Code § 1986; 18 U.S.C. § 1621; 18 U.S. Code § 111; Section 115(a)(2) of Title 18; 36 CFR § 327.24; 18 U.S.C. § 1346; 25 CFR § 11.406; 18 U.S.C. 371; 18 U.S.C. § 1343; and 18 U.S. Code 1341." *Id.* at 3-4, 17. Plaintiff later alleges that "misconduct was one or more violations of Plaintiffs civil, equal employment, contractual and property rights, under the Constitution of the United States and the applicable laws of that sovereignty and/or the applicable laws of the State of California as found in the state's Constitution, statutes, and one or more of its 29 codes, covering various subject areas, including personal property rights." *Id.* at 17. This vague and duplicative pleading necessitates an inordinately long answer from the County. Neither the complaint nor an answer to it would assist the Court or trier of fact in their evaluation of this action, but will instead further confuse the issues. Thus, the Court finds that the complaint violates Rule 8, and grants Defendant's motion to dismiss with leave to amend except as discussed below.

**B.    Criminal Charges**

The complaint alleges petty theft and grand theft under California Penal Code sections 484, 487, and 488. Compl. at 36. However, the "[t]he prosecution of criminal offenses on behalf of the People is the sole responsibility of the public prosecutor." *Doe v. Newsom*, No. 20-04525 JAK (PVCx), 2021 WL 1521591, at *6 (C.D. Cal. Mar. 26, 2021) (quoting *Dix v. Superior Court*, 53 Cal. 3d 442, 451 (1991)); Cal. Gov. Code § 26500; Cal. Const., art. V, § 13. Accordingly, the

1  Court dismisses Plaintiff's petty theft and grand theft claims with prejudice.

### C.  Immunity

Defendant argues that Plaintiff's common law causes of action fail as a matter of law and fail to state a claim upon which relief can be granted because MCWRA is immune under California Government Code section 815.  Because it is not clear which causes of action Plaintiff is trying to bring, the Court declines to address Defendant's argument at this time.

### D.  Compliance with Local Rules and Standing Orders

Plaintiff has completely disregarded the formatting rules required by this Court.  Plaintiff is ordered to comply with those rules, or his papers will be stricken.

Primarily, Plaintiff is advised that all papers must be submitted using 12-point type or larger, with no more than 28 lines per page.  *See* Civ. L.R. 3-4(c).

The Court's standing orders are available at: https://cand.uscourts.gov/judges/freeman-beth-l-blf/.  The civil local rules are available at: https://www.cand.uscourts.gov/wp-content/uploads/local-rules/civil-local-rules/CAND_Civil_Local_Rules_9-6-2023.pdf.

### E.  Leave to Amend

"[T]he Court is obliged to permit amendment liberally, particularly with pro se litigants." *Hobbs v. M3 Eng'g & Tech. Corp.*, No. CV-22-00290-TUC-JCH, 2023 WL 3687789, at *4 (D. Ariz. May 26, 2023).  However, the Court will be more inclined to dismiss with prejudice if Plaintiff's next amended complaint still is not substantially in compliance with the Court's orders and the local and federal rules.  *See id.*

Plaintiff is given the following directives should he choose to amend his complaint:

1. Plaintiff shall file a short and concise complaint.
2. The complaint shall plead all facts relevant to Defendant's alleged conduct.
3. The complaint shall include an enumerated list of the alleged causes of action.
4. If the complaint does not allege any federal causes of action, the complaint shall allege facts showing that this Court has diversity jurisdiction.

Failure to follow these directives for any amended complaint may result in the Court granting a motion to dismiss without leave to amend.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND.  Any amendment must be consistent with this order and must be filed within 30 days of this order.  The Court CONTINUES the Case Management Conference scheduled for April 25, 2024 to **August 8, 2024 at 11:00 A.M.** so that an amended complaint can be filed.

Dated: April 1, 2024

_____
BETH LABSON FREEMAN
United States District Judge